# Gupta / Wessler

*Issues & Appeals*

*Via Electronic Filing* September 28, 2023

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

**Re:   Nos. 22-11014 & 22-11734 (*Tanethia Holden v. Holiday Inn Clubs Vacation Inc.* and *Mark Mayer v. Holiday Inn Clubs Vacation Inc.*)
Response to supplemental authority under Rule 28(j)**

Dear Mr. Smith:

Holiday Inn Club's suggestion that *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212 (11th Cir. 2023), addressed the meaning of "inaccuracy" in a way relevant to this appeal is perplexing. The Court expressly did not decide the precise question presented here: "whether, in fact, legal inaccuracies can . . . raise a claim under the FCRA." *Id.* at 1220.

*Milgram* is instructive, however, in two respects. First, it further illustrates that the legal-factual distinction that the district courts applied in these cases arises with frequency. Although *Milgram* left the viability of that distinction for another day, this Court should take the opportunity to reject the district courts' interpretation, which, "in addition to being atextual, frustrate[s] Congress's goal of trying to defeat abuses in the credit reporting industry." *Id.* (citation omitted).

Second, *Milgram* confirms that "consumers cannot sue furnishers for providing inaccurate information—only for conducting unreasonable investigations." *Id.* at 1218. Thus, refusing to follow the district courts in cutting the term "inaccuracy" in half will not expose furnishers to unwarranted liability. All furnishers must do to avoid liability is conduct a reasonable investigation, an inquiry that "varies based on the circumstances" and the "furnisher's identity." *Id.* ("[W]hether the furnisher is an original creditor, a collection agency . . . , a debt buyer, or a down-the-line buyer can affect how we evaluate the reasonableness of its investigation.") (citation omitted). So, if it really would be unduly burdensome to review the terms of a contract or a statute to determine whether a consumer owes a debt, the "reasonable investigation" requirement will shield the furnisher from liability.

Holiday Inn Club also misunderstands the concurrence. Judge Rosenbaum merely observed that a declaratory judgment action provides a tool to prevent future harms when there is no remedy under the FCRA because the furnisher conducted a reasonable investigation. *Id.* at 1221–22. Contrary to Holiday Inn Club's suggestion, nothing in her opinion supports that a state-law remedy for declaratory judgment can serve as a prerequisite to or nullify a *viable* federal FCRA claim, which, unlike a declaratory-judgment suit, provides damages for past injuries.

Respectfully submitted,

*/s/ Robert D. Friedman*
Robert D. Friedman

*Counsel for Plaintiffs-Appellants*

Gupta Wessler LLP
2001 K Street NW, Suite 850 North, Washington, DC 20006
P 202 888 1741
guptawessler.com